UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DAMION L. TRIPP, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) Case No. 1:11CV00118 ERW |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Movant Damion L. Tripp's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 [ECF No. 1]. The United States filed its response to both the initial motion and supplement on September 30, 2011 [ECF No. 5].  Movant filed a traverse on November 7, 2011 [ECF No. 9].

**I.     BACKGROUND AND PROCEDURAL HISTORY[1]**

On July 11, 2006, a Grand Jury indicted Movant on one count of possession with intent to distribute a substance containing fifty grams or more of a substance containing detectable amounts of cocaine base, in violation of 21 U.S.C. § 841(a)(1)[1:06CR00131 ERW, ECF No. 1].  On June 11, 2007, a superseding indictment added one count of possession with intent to distribute a substance containing detectable amounts of marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1) [1:06CR00131 ERW, ECF No. 55].  During pretrial proceedings, Movant filed a motion to suppress evidence alleging that the police conducted a search with an improper warrant issued without probable cause [1:06CR00131 ERW, ECF No. 41].  After a hearing,

---

[1] The underlying criminal case's CM/ECF number is 1:06CR00131 ERW

Magistrate Judge Terry I. Adelmen recommended a denial of the motion, and this Court adopted the recommendation [1:06CR00131 ERW, ECF No. 84].

On January 24, 2008, the trial commenced.  Movant moved to strike the first venire panel because the venire panel was comprised entirely of Caucasians and he is African American. [1:06CR00131 ERW, ECF No. 123 at 78].  The Court noted the objection and denied it at the time. [1:06CR00131 ERW, ECF No. 123 at 79].  Following a two-day trial, the jury returned a verdict of guilty on each count.  [1:06CR00131 ERW, ECF no.100].  The Court sentenced Movant to a statutory minimum of 240 months on the first count because of a prior state felony drug conviction, and 108 months on the second count.[1:06CR00131 ERW, ECF no. 112].  The sentences were to run concurrently to each other.  [1:06CR00131 ERW, ECF no. 112].

Movant directly appealed his conviction to the Eighth Circuit on four grounds:

> (1) this Court erred in denying his suppression motion because the search warrant was not based on probable cause; (2) this Court erred in denying his motion for judgment of acquittal because the evidence was insufficient to convict him on both counts; (3) this Court erred in denying his motion to strike the all-white jury panel, thereby violating his Sixth Amendment right to a fair trial; and (4) the government violated his Fifth Amendment right to due process by informing him that if he did not plead guilty, the government would seek a sentencing enhancement based on a prior felony drug conviction.

*United States v. Tripp,* 370 Fed.Appx. 753, 756 (8th Cir. 2010).  All grounds were rejected, and the conviction was affirmed. *Id.* at 754.

On July 7, 2011, Movant filed pro se the pending Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 [ECF No. 1].  Movant claims that his sentence should be set aside because he received ineffective assistance of counsel in violation of his Sixth Amendment rights.

## II. LEGAL STANDARD

Title 28 U.S.C. § 2255(a) allows a federal prisoner to move the court which imposed the sentence to vacate, set aside, or correct the sentence on grounds "that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" To obtain relief under § 2255, the movant must establish a violation constituting "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Gomez,* 326 F.3d 971, 974 (8th Cir. 2003).

Claims brought under § 2255 also may be limited by procedural default. A movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994). Furthermore, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised in a § 2255 motion unless the movant can establish "(1) cause for the default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001).

Nevertheless, ineffective assistance of counsel claims generally may be raised for the first time in a § 2255 motion regardless of whether they could have been raised on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003). This exception to the general procedural default rule exists to prevent movants from being forced "to raise the issue before there has been an opportunity to fully develop the factual predicate for the claim." *Id.* Furthermore, a movant's attorney may serve as counsel both at the trial and appellate levels of the case, and it is unlikely that the attorney would assert his own ineffective assistance on appeal. *See United States v. Rashad*, 331 F.3d 908, 911 (D.C. Cir. 2003). Demonstrating ineffective assistance of counsel will normally

3

satisfy the cause for default and actual prejudice requirements necessary to raise a constitutional issue for the first time in a § 2255 motion. *United States v. Apfel*, 97 F.3d 1074,1076 (8th Cir. 1996).

If a movant is not procedurally barred from bringing a § 2255 motion, the court must hold an evidentiary hearing to consider the claims made therein "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994). Thus, a movant is entitled to an evidentiary hearing so long as "the facts alleged, if true, would entitle [the movant] to relief." *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996). In contrast, a court may dismiss a claim without an evidentiary hearing, if "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Tinajero-Ortiz v. U.S.*, 635 F.3d 1100, 1105 (8th Cir. 2011).

### III. DISCUSSION

Movant raises four claims to support his ineffective assistance of counsel allegation. Specifically, Movant alleges Counsel: (1) failed to sufficiently attack the affidavit used to support the issuance of a search warrant in the underlying criminal case; (2) failed to effectively demand the right to cross-examine the government's confidential informant; (3) failed to effectively challenge the racial composition of the jury pool; and (4) failed to object to the application of a prior state conviction for sentencing enhancement because the prior conviction was uncounseled and involuntary.

The United States argues that the first three claims have been fully litigated on direct appeal [ECF No. 6]. "It is well settled that claims which were raised and decided on direct appeal cannot

4

be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255." *United States v. Shabazz,* 657 F.2d 189, 190 (8th Cir. 1981). Nevertheless, ineffective assistance of counsel claims may be raised for the first time in a § 2255 motion regardless of whether they could have been raised on direct appeal. *See Massaro*, 538 U.S. at 504. Because Movant now alleges he lost these claims because of ineffective assistance of counsel, this Court will address each of the claims by carefully examining Counsel's conduct.

Ineffective assistance of counsel claims are evaluated under a two-prong test established in *Strickland v. Washington,* 466 U.S. 668, 689 (1984). Movant must show that (1) counsel's performance was so deficient and riddled with errors that "counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and (2) "counsel's deficient performance prejudiced the defense." *Strickland v. Washington,* 466 U.S. at 687; *see also Whitehead v. Dormire*, 340 F.3d 532, 537 (8th Cir. 2003). The Court may address the two *Strickland* prongs in any order, and if a petitioner fails to make a sufficient showing of one prong, the Court need not address the other prong. *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000) ("If we can answer 'no' to either question, then we need not address the other part of the test"). Under *Strickland,* Movant bears a "heavy burden" to establish a violation of his Sixth Amendment right to effective assistance of counsel. *DeRoo v. United States,* 223 F.3d 919, 925 (8th Cir. 2000).

The first prong requires Movant demonstrate that counsel's performance falls "below an objective standard of reasonableness." *Strickland,* 466 U.S. at 687-88*; see also United States v. Sera,* 267 F.3d 872, 874 (8th Cir. 2001). "Judicial scrutiny of counsel's performance must be highly deferential," and there is a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 689. The second prong requires

5

Movant demonstrate that, "there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. Establishing a "reasonable probability" of a different outcome requires less than a preponderance of the evidence but greater than just a possibility; it "is a probability sufficient to undermine confidence in the outcome." *Paul v. United States*, 534 F.3d 832, 837 (8th Cir. 2008).

### A.   *Counsel's failure to effectively challenge the probable cause statement in search warrant*

Movant alleges that Counsel failed to effectively argue whether probable cause existed for the issuance of a valid search warrant.[2]  Movant specifically charges that Counsel failed to state that "no fact alleged by Det. [Corey] Mitchell's affidavit amounted to probable cause." [ECF No. 5 at 18].  Movant's traverse further specifies that, "counsel failed to expose to the Court that Detective Mitchell's affidavit lacked probable cause within the four corners of the same." [ECF No. 9 at 23]. Thus, the question is whether Counsel effectively challenged the existence of probable cause underlying the original search warrant.

In a memorandum supporting the original motion to suppress, Movant's Counsel wrote, "As shown by the evidence in this case, and in particular the affidavit of Corey Mitchell, the court issuing the search warrant did not have sufficient probable cause on July 6, 2006." [1:06CR00131 ERW, ECF No. 76 at 2]. His memorandum articulated reasons why probable cause did not exist, and he argued the issue at a motion hearing. During trial, he even raised a continuing objection to preserve the issue for appeal. [1:06CR00131 ERW, ECF No. 123 at 4]. Subsequently, this issue was fully

---

[2]The Eighth Circuit has already addressed whether there was sufficient probable cause for the issuance of the search warrant. *See Tripp*, 370 Fed.Appx. 756-58. It held, "Officer Mitchell's affidavit was sufficient to establish probable cause for the issuance of the search warrant." *Id.*

6

litigated by Counsel on direct appeal. *See Tripp*, 370 Fed.Appx at 758-759. Thus, the record affirmatively shows that Counsel did not fail to allege the affidavit lacked probable cause; he simply failed to convince any court that his argument was correct. Counsel's performance during this process was not constitutionally ineffective under *Strickland* because he took multiple steps to challenge the validity of the search warrant.

Movant's also argues that the facts clearly show there was no probable cause, so Counsel's performance was deficient because he lost the probable cause argument. An adverse judgment does not mean counsel acted deficiently during trial. *See Strickland,* 466 U.S. at 690 (holding that review of counsel's conduct should examine the circumstances at the time of trial without "the distorting effects of hindsight bias"). Therefore, the Court finds that Counsel acted within an acceptable range of reasonableness because he litigated this issue by filing a motion suppress, by arguing the issue before the magistrate judge, by objecting at trial, and by raising the issue on direct appeal. The record conclusively shows that Counsel's performance was not ineffective. Therefore, this claim will be denied without an evidentiary hearing.

> **B.** *Counsel's failure to effectively argue for the right to cross examine a confidential informant*

Movant's next alleges that Counsel failed to advance a specific theory when the United States refused to produce a confidential informant. Movant believes that the confidential informant's testimony would have revealed perjury by a government witness and established that the evidence was insufficient to convict the Movant for possession of cocaine under count one of the indictment.[3]

---

[3] The importance of the confidential informant has already been addressed by the Eighth Circuit. *Tripp*, 370 Fed.Appx at 758-759. "[Movant] challenges the fact that the [confidential informant] never testified in this case, making the [confidential informant]'s statements hearsay. We find these allegations without merit." *Id.*

7

Again, only the reasonableness of Counsel's actions are under review.

Contrary to Movant's allegations Counsel specifically attempted to identify and question the informant. On the record, Counsel stated, "I requested sometime ago the name of the confidential informant in this case. I'd like to help resolve conflicts in [Movant's] mind if I can, the easiest of which would be to have whoever it is who claims to have went into this house and made a transaction get up here and testify that's what he or she did." [1:06CR00131 ERW, ECF No. 69 at 17]. This request was denied following a pretrial motion hearing. [1:06CR00131 ERW, ECF No. 83]. When the request was denied, Counsel also challenged the informant's statements by calling rebuttal witnesses. [1:06CR00131 ERW, ECF No. 123 at 213-215].

Although Movant did not have an opportunity to cross examine the confidential informant, the Court finds that an adverse judgment is not grounds to find Counsel's performance deficient. *See Strickland,* 466 U.S. at 690. Counsel attempted to cross-examine the witness, objected when the witness was not produced, and attacked the credibility of the informant's information through rebuttal witnesses. Thus, the record clearly shows that Counsel satisfied *Strickland's* requirements by pursing every available avenue. Therefore, the record affirmatively refutes Movant's claims, and relief on this ground is denied. This claim will be denied without an evidentiary hearing.

### C.  *Counsel's failure to object the racial composition of the venire panel*

Next, Movant alleges that Counsel should have immediately noticed the venire panel lacked diversity and raised the objection before jury selection.[4] In his traverse, Movant seems to abandon this argument and simply allege that Counsel was deficient for failing to demonstrate an essential

---

[4] The underlying constitutionality of the jury panel has been addressed on direct appeal. *See Tripp,* 370 Fed.Appx. at 759-60. "[Movant]'s challenge to the composition of the jury venire is without merit." *Id.*

8

element of a *Batson* claim[5] - systematic discrimination in the venire panel selection process. [ECF No. 9 at 25]. Both allegations ask this Court to determine whether Counsel did everything possible to challenge the constitutionality of the racial diversity of the jury. In the interests of justice, this Court will fully examine both claims.

The record shows that a potential juror commented on the lack of African-Americans on the venire panel, and the Court stated that many attempts were made to ensure there was sufficient diversity. [1:06CR00131 ERW, ECF No. 123 at 60]. The Court emphasized that voter registration and, in some cases, driver's license registrations were used to enhance diversity on the venire panel. *Id.* Nevertheless, Counsel moved to strike the panel during voir dire [1:06CR00131 ERW, ECF No. 123 at 78] and raised the objection again in a motion for a new trial [1:06CR00131 ERW, ECF No. 105].

To succeed on either of these attempts, Movant's Counsel needed to establish a prima facie violation of the fair-cross-section requirement by showing:

> (1) that the group alleged to be excluded [was] a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected [was] not fair and reasonable in relation to the number of persons in the community; and (3) that this under representation [was] due to systematic exclusion in the jury-selection process.

*Duren v. Missouri,* 439 U.S. 357, 365 (1974).

Counsel's argument ultimately failed because the Court found, "there is no evidence that the under-representation of African-Americans on the jury panel resulted from systematic exclusion of African-Americans from the jury selection process." [1:06CR00131 ERW, ECF No. 108 at 3]. Subsequently, Counsel raised this issue before the Eighth Circuit without success. *See Tripp,* 370

---

[5] *Batson v. Kentucky,* 476 U.S. 79 (1986).

9

Fed.Appx. at 759-60.  Thus, the record shows that Counsel did everything possible to strike the venire panel.  His actions cannot be deemed unreasonable.  *See Armstrong v. Kemna,* 365 F.3d 622, 629 (8th Cir. 2004) (agreeing that counsel was objectively reasonable because, "she filed a motion in limine and renewed her objection after the closing argument" even after initially failing to raise the argument.)

Movant additionally alleges that Counsel chose not to present any evidence of "systematic exclusion," and this decision is evidence of ineffective assistance of counsel.  [ECF No. 9 at 25].  "When counsel focuses on some issues to the exclusion of others, there is a strong presumption that he did so for tactical reasons rather than through sheer neglect."  *Yarborough v. Gentry,* 540 U.S. 1, 8 (2003) (citing *Strickland*, 466 U.S. at 690 (counsel is "strongly presumed" to make decisions in the exercise of professional judgment.))  Movant fails to overcome this presumption.

Counsel decided to argue that an all-white jury was generally unfair and prejudicial to the client, and on appeal, he argued that the *Duren* standard should be reevaluated.  These arguments were made in lieu of arguing that the Court's selection system systematically excluded diversity.  *See Tripp,* 370 Fed.Appx. at 759-60.  Based on the case law, Counsel's strategic decision was reasonable.  In order to prove "systematic exclusion," one must show exclusion is "inherent in the particular jury-selection process utilized."  *Duren,* 439 U.S. at 366.  This Court had already addressed the "systematic exclusion" issue by stating that a venire panel was selected by using voter registration rolls and a driver's license database.  [1:06CR00131 ERW, ECF No. 123 at 60-61].  Counsel's decision to not challenge the Court's selection system was reasonable because the usage of voter registration list supplemented with driver's license list goes beyond what has been accepted by the Eighth Circuit.  *See United States v. Jones,* 687 F.2d 1265, 1270 (8th Cir. 1977) ("...voter registration lists may be used as the sole source of persons to serve on petit juries...")  Thus, a

10

reasonable lawyer would have seen no basis for arguing the existence of a "systematic exclusion." Counsel's performance was reasonable and not deficient, and the record affirmatively refutes the Movant's claim. Therefore, this claim will be denied without an evidentiary hearing.

### D. *Counsel's failure to investigate Movant's prior conviction during sentencing*

Movant also alleges that Counsel failed to reasonably investigate a prior conviction used for sentencing enhancements. Movant asserts that Counsel could have discovered with a proper investigation that a prior guilty plea to a state crime should not have been used for a sentencing because the plea was made without the presence of counsel. If Movant's prior state court plea was uncounseled, it could not have been used to lower his sentence unless counsel was validly waived or was not otherwise constitutionally required. See *Nichols v. United States*, 511 U.S. 738, (1994).

Initially, this Court notes it is procedurally barred from reviewing the underlying sentencing issue because Movant failed to raise the issue on direct appeal. An allegation that an uncounseled conviction has been improperly used to enhance a sentence must be raised before collateral review. *Bousely v. United States,* 523 U.S. 614, 622-23 (1998). Thus, this Court cannot reexamine whether the enhancement was validly applied. The only issue is whether Counsel should have investigated Movant's prior state conviction.

The record affirmatively refutes Movant's claim that his prior conviction was uncounseled. Therefore, Counsel had no cause to investigate this issue. Movant has submitted a signed and dated Missouri docket sheet that states, "defendant appears in person and by Stephen E. Walsh, one of his attorneys" [ECF No. 5]. The docket also states his "attorney advises court that defendant wishes to plead guilty to charge in amended information." Movant's main allegation is that he was represented by an attorney he did not select. However, the docket does not show any evidence of any objection by movant. Instead, the docket states the Movant, "voluntarily and intelligently" pled guilty to the

11

charges. Thus, the record affirmatively refutes the factual assertions upon which Movant's ineffective assistance of counsel claim is based. *See Anjulo-Lopez*, 541 F.3d at 817. Therefore, this claim will be denied without an evidentiary hearing.

### IV.  RIGHT TO EVIDENTIARY HEARING

Under 28 U.S.C. § 2255(b), the Court must hold an evidentiary hearing to consider the claims presented in a § 2255 motion, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) ("No hearing is necessary, however, where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.") (internal quotations and citation omitted). The Court concludes that all of Movant's claims can be conclusively determined based upon his Motion, and the files and records of the case. The record affirmatively refutes all of his claims. Therefore, an evidentiary hearing will not be held.

### V.  CERTIFICATE OF APPEALABILITY

The Court finds that Movant has not made a substantial showing of the denial of a constitutional right, as is required before a certificate of appealability can be issued. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (explaining that a "substantial showing" is a showing that the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings"). Therefore, the Court shall not issue a certificate of appealability as to any claims raised in Movant's § 2255 Motion.

### VI.  CONCLUSION

As set forth herein, Movant's claims are without merit. Movant is not entitled to relief under 28 U.S.C. § 2255.

Accordingly,

**IT IS HEREBY ORDERED** that the Movant Damion L. Tripp's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 1] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability as to any claim presented in Movant's Motion.

Dated this  5th  day of January, 2012.

　　　　　　　　　　　　　　　　　　　　　　　　*[signature]*
　　　　　　　　　　　　　　　　　　　　　　　　E. RICHARD WEBBER
　　　　　　　　　　　　　　　　　　　　　　　　SENIOR UNITED STATES DISTRICT JUDGE